# Third District Court of Appeal
## State of Florida

Opinion filed July 9, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0213
Lower Tribunal No. 23-CF-736-A-K
_____


**Glenn Hanes,**
Appellant,

vs.

**State of Florida,**
Appellee.


An Appeal from the Circuit Court for Monroe County, Mark Wilson, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Lourdes B. Fernandez, Assistant Attorney General, for appellee.


Before MILLER, BOKOR, and GOODEN, JJ.

PER CURIAM.

Affirmed. See Alvarado-Balmaceda v. State, 51 Fla. L. Weekly D1112c, at *1–2 (Fla. 3d DCA June 3, 2026) ("[Appellant] argues that pursuant to Erlinger v. United States, 602 U.S. 821, 144 S.Ct. 1840, 219 L.Ed.2d 451 (2024) his enhanced sentence is constitutionally invalid because the trial court, not a jury, made the required factual findings . . . . Erlinger errors are subject to harmless error review. . . . [I]t is not necessary for the court to delve into the Erlinger constitutional issue, because any resulting error would be harmless beyond a reasonable doubt. . . . [T]he State introduced evidence of [Appellant's] prior conviction establishing that he qualified as a habitual violent felony offender under section 775.084(1)(b), Florida Statutes. [He] did not contend that the prior conviction was not his, that the date of the prior conviction was incorrect, or that the prior conviction had been set aside or pardoned. . . . Thus, based on the record before us, we conclude that any error in failing to submit the habitual violent felony offender factors to a jury was harmless beyond a reasonable doubt, and affirm." (footnotes and quotations omitted)); see also Rosa v. State, 696 So. 2d 1299, 1301 (Fla. 3d DCA 1997) ("[D]efendant made no objection to the trial court's statements to the jury. More important, the trial court's statements constituted an accurate statement of the law. . . . The court's comments brought the issue of defendant's right not to testify, and the fact that no

inference is to be drawn therefrom, to the attention of the jurors . . . ."); <u>Smith v. State</u>, 423 So. 3d 488, 489–90 (Fla. 3d DCA 2025) ("[T]he trial judge presented the instructions in a conversational manner rather than reading the instructions by rote. . . . [I]n context of the entirety of the instructions, the trial judge's comment was not prejudicial . . . .").